The defendants were tried upon the following indictment, which had been removed from Macon to Burke County, to wit:
STATE OF NORTH CAROLINA, ) Superior Court of Law,) ss. MACON COUNTY. ) Spring Term, 1837.
The jurors for the State, upon their oath present, that Jacob B. Trammell, entry taker of the said county of Macon, Jonathan Phillips, William Roane, Bynum W. Bell, John Strain, Benjamin Trammell, (380) Bartlett Wilson, Young Ammons, and Thomas Ray, all of the county aforesaid, being evil disposed persons, and wickedly devising and intending to cheat and defraud all the good citizens of the State of divers large sums of money, and of their locations and of their entries of vacant and unsurveyed lands lying and being in the said county, which lands were, by law, subject to be entered by any of the good citizens, on 2 May, in the year of our Lord 1836, with force and arms in the county of Macon aforesaid, did, amongst themselves, combine, conspire, confederate, and agree together to cheat and defraud the said good citizens of divers large sums of money and of their respective entries of the said vacant and unsurveyed lands, and unlawfully, unjustly, and corruptly to secure and appropriate the same to their own use. And the jurors aforesaid, upon their oath aforesaid, do further present, that the said Jacob B. Trammell and [the others, naming them,] on the day and year aforesaid, in the county aforesaid, in further pursuance of the said conspiracy, combination, confederacy, and agreement, did proceed to a certain room in the courthouse, in the town of Franklin, and did then and there enter divers tracts and parcels of land embracing 50,000 acres and more of the most valuable lands in the county of Macon aforesaid, in their own names and for their own use before the said entry taker's office was opened for the reception of entries of vacant and unsurveyed lands from the said good citizens of the State and to the fair and equal competition of the good citizens who should desire to make entries therein, it being about the hour of 1 o'clock, a. m., of the day and year aforesaid, and of the day upon which the said entry taker's office was by law required to be opened. And the jurors aforesaid, upon their oath aforesaid, do further present, that the said Jacob B. Trammell, entry taker as *Page 269 
aforesaid, and [the others, naming them as before], on the day and year aforesaid, in the county aforesaid, while so in the room in the said courthouse in the town of Franklin, shut and locked up apart from the other citizens of the State, in further pursuance of the said conspiracy, combination, confederacy, and agreement, did unlawfully, secretly, deceitfully, and corruptly enter in the said entry taker's office, and upon the books of the said entry taker's office, many large, (381) valuable tracts and parcels of land as aforesaid; and the more effectually to deceive, defraud, and injure the said good citizens who were then and there assembled with their locations and entries for vacant and unsurveyed lands in the said county, waiting for the said entry taker's office to be opened, that they might make their said entries therein, and the said Jacob B. Trammell, entry taker as aforesaid, and [the others,naming them as before], at divers times gave out and proclaimed to the said good citizens so being assembled and crowded around the courthouse, waiting for an opportunity to make their said entries, that they might go home, for that the said entry taker's office would not be opened for the reception of entries until daylight in the morning of the day and year aforesaid; by means of which conspiracy, combination, confederacy, agreement, and false pretenses the said Jacob B. Trammell, entry taker as aforesaid, and [the others, naming them as before], fraudulently, corruptly, unlawfully, and secretly did procure and enter in said entry taker's office locations and entries for many large and valuable tracts or parcels of land in said county of Macon in their own names and for the use of themselves exclusively, to the great damage of the said good citizens, in contempt of the laws and statutes of the State, to the great hindrance of public justice, to the evil and pernicious example of all others in like case offending, and against the peace and dignity of the State. And the jurors aforesaid, upon their oath aforesaid, do further present, that the said Jacob B. Trammell and [the others, naming them], all late of the county aforesaid, on the day and year aforesaid, with force and arms in the county aforesaid, unlawfully, corruptly, and deceitfully designing and intending to cheat and defraud the said good citizens of the State of many large sums of money, did then and there, amongst themselves, conspire, combine, confederate, and agree together falsely and fraudulently to cheat the said good citizens of divers large sums of money; and the jurors aforesaid, upon their oath aforesaid, do further present, that the said Jacob B. Trammell, entry taker as aforesaid, and [the others, as before named], on the day and year aforesaid, in the county aforesaid, in further pursuance of and according to (382) the said conspiracy, combination, confederacy, and agreement among themselves, had as aforesaid, did, after they had so entered the vacant and unsurveyed lands, being so shut and locked up in the said *Page 270 
courthouse as aforesaid, give out and proclaim from the window of the said courthouse that the good citizens might then and there make their locations and entries of and for the said vacant and unsurveyed lands, with the intent to cheat and defraud the said good citizens of their money, which is required by law to be paid to the entry taker on making entries in his office, the said Jacob B. Trammell and [the others, namingthem], well knowing that the said vacant and unsurveyed lands had been previously entered by them in their own names while so shut up in the said room as aforesaid, before the said entry taker's office was open to the fair and equal competition of all the said good citizens of the State, by means of which said conspiracy, combination, confederacy, agreement, and false and deceitful pretenses and representations the said Jacob B. Trammell and [the others, naming them], deceitfully, corruptly, and unlawfully did procure of and from the said good citizens large sums of money on entries previously made by themselves, and did thereby cheat and defraud the said good citizens of divers large sums of money so paid in with and on the said entries and locations which had theretofore been entered by themselves as aforesaid, to the great damage of the said good citizens, in evasion of the entry laws of the State, to the evil and pernicious example of all others in like cases offending, in violation and contempt of the laws of the State, and against the peace and dignity of the State. And the jurors aforesaid do further present, that the said Jacob B. Trammell and (the others before named), all of the said county of Macon, with force and arms in the county aforesaid, on the day and year first aforesaid, wickedly devising and intending to cheat, defraud, and prejudice the good citizens of the State, did, amongst themselves, conspire, combine, confederate, and agree together falsely and fraudulently to cheat and defraud the good citizens of the State of divers large (383) and valuable tracts or parcels of vacant and unsurveyed lands in the said county of Macon, and divers large sums of money, to the great damage of the said good citizens, to the evil and pernicious example of all others in like case offending, in contempt of the laws and against the peace and dignity of the State; and the jurors aforesaid, upon their oath aforesaid do further present, that the said Jacob B. Trammell and [the others named as before], all late of the said county of Macon, with force and arms in the county aforesaid, on the day and year first aforesaid, unlawfully, fraudulently, and deceitfully did conspire, combine, confederate, and agree together to cheat and defraud one Benjamin S. Brittain of his money, entries, and locations of vacant and unsurveyed land in the county of Macon, which were then and there presented at the said entry taker's office, to the great damage of the said Benjamin S. Brittain, in contempt of the laws of the State, to the evil and pernicious example of all others in like case offending, against the peace and dignity of the State. J. W. GUINN. *Page 271 
Before the trial a nolle prosequi was entered as to Young Ammons and Bartlett Wilson. On the trial it was proven that Jacob B. Trammell, the entry taker of Macon County, with five clerks, to wit, Jonathan Phillips and others, on 2 May, 1836, were in the entry taker's office in the town of Franklin after the hour of midnight; that they made a number of entries before the office was opened for the entries of other citizens, then assembled in great numbers about the said office; that when the window was opened and the entry taker declared himself ready to receive entries and money, one Sedford was the first to hand in his entry at the window, and that his entry, when enrolled in the entry taker's books, was number 234. It also appeared that the preceding entries on the book were in the names of Phillips and the others in the room, and of some forty persons besides; that several hundred entries were thrust in at the window in parcels with great rapidity and in great confusion, after Sedford's, and that they, in many instances, were for the same lands as those of Phillips and others in the room. There was also (384) evidence tending to show that Trammell and Phillips had combined to secure for him, Phillips, and some of their friends, the entries of several parcels of land before the office was announced by the said Trammell to be open for the reception of the entries of the citizens generally, by which a priority was obtained as to the date and number of the entries as placed in the entry taker's book. It was in evidence that there was a dense crows of some four or five hundred persons assembled about the office of the entry taker before and after the hour of 12 o'clock at night on 2 May, and that they continued there till after the office was opened. There was also evidence showing that the defendant Trammell had advertised 8 o'clock of the said day as the hour at which the office was to be opened; that he alleged the advertisement had been torn down, and he should give himself no further trouble about it; and there was also evidence to show that there was a diversity of opinion as to the hour at which the office would be opened. There was no evidence to show any combination between the defendants to obtain money from any person, or to defraud any individual of his own land. The proof was directed entirely to establish a combination and conspiracy to secure to themselves the entries of the vacant lands, in exclusion of the rights of others, and thereby gain a preference in time. The defendants' counsel insisted that the evidence in the case only tended to show (if anything) a combination of the defendants to get the first entries of the vacant lands in Macon County, and obtain a preference over other citizens in entering the same, and that such combination would not constitute a conspiracy, however improper it might be; and, in the second place, it was insisted that even if such a combination did amount to a conspiracy, yet the proof did not support the indictment, by reason of its variance from the charge. *Page 272 
The indictment, it was insisted, charged a conspiracy to cheat the citizens of their moneys, of their respective entries, and of their lands, and to cheat Benjamin T. Brittain of his moneys, entries, and locations, and that proof of the defendants having formed a conspiracy to enter (385) for their own use the lands in question, before the other citizens had an opportunity of making their entries, whereby they had by unlawful means obtained a preference over others, would not, in law, support any count in the indictment.
The court charged the jury that to constitute a conspiracy, subjecting the parties to an indictment, it must appear that two or more persons combined together to effect some unlawful purpose; that in this case, if the jury believed from the evidence that the defendants or any two of them entered into a combination to make entries in the entry taker's office before it was opened, or before it was declared to be opened or after it was opened, for the purpose of gaining a preference and appropriating the land to their own use, and thereby excluding the other citizens, that, in law, amounted to a conspiracy, and it was sufficiently averred in the indictment. The jury returned a verdict of guilty as to Trammell and Phillips, and judgment having been given accordingly, the said defendants appealed.
The case, stated by his Honor to have been made out by the testimony, certainly exhibits a course of proceeding on the part of the defendants exceedingly unfair and greatly to their discredit. But whether this conduct, on an indictment properly framed, would or would not subject them to the penalties of a conspiracy, we need not inquire, for we are clearly of opinion that it did not support any of the charges contained in this indictment. It is of the first importance in the administration of criminal justice that the proofs should correspond with the allegations, and for that reason, among others, the allegations are required to be distinct and explicit. It is not easy to understand those set forth in this indictment, but by no reasonable intendment can we so construe them as to accommodate the case made to the charges preferred. The case made is of a scheme contrived between the defendants (386) and others whereby to procure the first entries of vacant land in the entry taker's office, so as to secure to themselves a priority over entries that might be afterwards made in that office by others; and it is expressly stated that it was no part of this scheme to obtain money from any person, or to defraud any person of his land. Now, what is the conspiracy charged? In the first count, it is to cheat and defraud all the *Page 273 
good citizens of the State of divers large sums of money and of their entries of vacant and unsurveyed land lying in the county of Macon, and to secure and appropriate the same to their own use. What is an entry? It is lawful for a citizen to make with the entry taker a claim for vacant land, setting forth in writing the situation of the land claimed, and the entry taker is then to enter in his book a copy of this claim, and thereupon it becomes an entry. A copy of this entry, with a warrant to survey the land wherein described, is afterwards to be delivered to the enterer, who, in due time, can perfect the entry with a grant. A combination or conspiracy to cheat a man of his entries of vacant and unsurveyed lands, and to appropriate the same to the use of the conspirators, necessarily means to deprive him, who has made such entries, but has not yet had them surveyed and granted, of the rightful benefits thereof, and to take these entries or the benefits thereof to the conspirators. It is said that the gist of a conspiracy is the unlawful concurrence of many in a wicked scheme, and that the crime of conspiracy is complete without any act having been done to carry it into execution. This consideration renders it but the more important that the charge of conspiracy should clearly set forth the purpose and object of the combination, as in these are to be found almost the only marks of certainty by which the parties accused may known what is the accusation which they are to defend. The third count states the purpose of the conspiracy as the first, and the fourth count states its purpose to cheat an individual, Benjamin S. Brittain, of his money and entries. There is, therefore, the same variance between the proofs and these charges as there is between proofs and the charge in the first count. The second count charges the purpose of the conspiracy to cheat the good citizens of the State of large sums of money, of which purpose the case expressly states there was no evidence. (387)
We hold, therefore, that his Honor erred in instructing the jury that if they believed from the evidence that the defendants entered into a combination to make entries in the office before it was opened, or before it was declared to be opened, or after it was opened, for the purpose of appropriating the lands to their own use, and excluding others, they were guilty of the conspiracy charged in the indictment.
The Superior Court will set aside the verdict, and, if the State chooses to proceed further in the case, order a venire de novo.
PER CURIAM. Reversed.
Cited: S. v. Van Pelt, 136 N.C. 639. *Page 274 
(388)